**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-20883-CR-GRAHAM/SIMONTON**

**UNITED STATES OF AMERICA,**

　　　**Plaintiff,**

**vs.**

**LORN LEITMAN,**

　　　**Defendants.**

_____/

**REPORT AND RECOMMENDATION**
**RE: DEFENDANT'S MOTION**
**TO RECONSIDER ORDER GARNISHING INCOME**
**PURSUANT TO 28 U.S.C. § 3202**

　　　This matter is before the Court on Defendant Lorn Leitman's Motion to Reconsider Order Garnishing Income and Request for Hearing, Pursuant to 28 U.S.C. § 3202, ECF No. [83].  The Government has filed a Response to the Motion and the Defendant has filed a Reply, ECF Nos. [84], [85].  The Motion has been referred by the Honorable Donald L. Graham, the District Judge assigned to the case, to the undersigned for a hearing and a Report and Recommendation on the Motion, ECF No. [86].

　　　Following oral argument before the undersigned, the Parties were directed to file supplemental authority regarding whether the funds held in the Defendant's Bureau of Prison account should be applied to satisfy the restitution debt owed by the Defendant, ECF No. [89].  The Parties have now filed supplemental authority for their respective positions, ECF Nos. [90], [91].

　　　For the following reasons, the undersigned recommends that the Defendant's Motion for Reconsideration be Denied, and that the sums contained in Defendant Lorn

Leitman's Bureau of Prison account at issue in the Motion at bar, be applied to the Restitution Judgment issued in this case.[1]

In sum, the undersigned finds that the Government correctly utilized the civil remedies available under 18 U.S.C. § 3613, 26 U.S.C. § 6334 (m) and (n) and the Federal Debt Collection Act, in filing a motion with the Court to apply the sums deposited in the Defendant's BOP  trust account to the outstanding restitution judgment.  The undersigned further concludes that as a matter of law the Defendant is not entitled any of the exemptions he claims.  Since the Defendant is not entitled to any relief based upon the arguments that he presents, the Motion for Reconsideration of the Court's Order should be denied.

## I.    BACKGROUND

The following background facts are not disputed in this matter:

On July 6, 2011, after pleading guilty to one count of mail fraud in violation of 18 U.S.C. § 1341, Defendant Lorn Leitman was sentenced to 210 months incarceration, ECF No. [60].  On August 17, 2011, a Judgment of restitution in the amount of $3,308,435.03, plus statutory interest was entered against the Defendant, ECF, No. [68].[2] The Judgment sets forth a payment schedule for the Criminal Monetary Penalties and, among other things, states, "These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." ECF No. [68] at 5.  In addition, the Schedule of Payments section of the Judgment provides, "The assessment and restitution is payable immediately. . . ." ECF No. [68] at 6.  Further, the Judgment

---

[1] The Government has filed a Second Motion to Apply Additional Funds in the Defendant's Inmate Trust Account Towards Outstanding Restitution Judgment Pursuant to 18 U.S.C. § 3664, ECF No. [92].  That Motion has not been referred to the undersigned.

[2] The restitution order was modified from the original restitution order to reflect a different total amount owed by the Defendant.  For purposes of the instant Report and Recommendation, the modification is not relevant.

states that the U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's

Office are responsible for the enforcement of the restitution order. ECF No. [68] at 6.

On April 21, 2015, while Defendant Leitman was incarcerated, $28,844.19 was

deposited into his Bureau of Prison ("BOP") Trust Fund Account.  The Government

moved to have that amount applied to Mr. Leitman's outstanding restitution and the

Court granted that Motion, ECF Nos. [81] [82].  The Defendant has now moved to have

this Court reconsider that Order.[3]

II.    **LEGAL FRAMEWORK**

A.    *Relevant Statutes*

The statutory framework governing the collection of debts by the United States

Government is complex.  As a preface to the legal analysis of the specific claims in this

case, the relevant statutes are set forth below for ease of reference.

1.    **Title 18 U.S.C. § 3664**

Title 18 U.S.C. § 3664, entitled "Procedure for issuance and enforcement of order

of restitution," provides in relevant part,

> (m)(1)(A)(i) An order of restitution may be enforced by the
> United States in the manner provided for in subchapter C of
> chapter 227 and subchapter B of chapter 229 of this title;[4]
>
> or
>
> (ii) by all other *available and reasonable* means.

---

[3] As of April 30, 2015, the Defendant owed $3,273,870.46, plus statutory interest.
[4] Subchapter C of Chapter 227 and Subchapter B of Chapter 229 referred to in section
(m)(1)(A)(i) are part of Title 18, "Crimes and Criminal Procedure." Both subchapters are
entitled "Fines" and are located in "Sentences" Chapter (227), and in "Postsentence
Administration" Chapter (229).  Subchapter B of Chapter 229 includes § 3613, which is
entitled "Civil remedies for satisfaction of an unpaid fine."  That section is discussed at
length in this Report and Recommendation.  Subchapter C of Chapter 227, among other
things, directs that the implementation of a sentence to pay a fine is governed by the
provisions of subchapter B of chapter 229, and thus is subsumed in the discussion of
Subchapter B.

> **(n) If a person obligated to provide restitution, or pay a fine, receives substantial resources from *any* source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.**

18 U.S.C. §3664(m) and (n). (emphasis added).

### 2.      Title 18 U.S.C. § 3613 (Subchapter B of Chapter 229)

Title 18 U.S.C. § 3613, which is contained in Subchapter B of Chapter 229,

"Postsentence Administration" is entitled "Civil Remedies for satisfaction of an unpaid

fine", and provides that the United States may enforce a judgment imposing a fine in

accordance with the practices and procedure for the enforcement of a civil judgment

under Federal law or State law.  Section 3613 is made applicable to orders of restitution

through Section (f) of that section.  Section 3613 provides that, notwithstanding any

other Federal law, a judgment may be enforced against all property or rights to property

of the person fined with certain exceptions. 18 U.S.C. § 3613 (a).  Those exceptions

include property which is exempt from levy for taxes as set forth in 26 U.S.C. §§ 6334

(a)(1)-(8), (10) and (12) of the Internal Revenue Code of 1986. Absent from the exemptions

listed in § 3613 is 26 U.S.C. § 6334 (a)(9) which provides,

> **(a) Enumeration.--There shall be exempt from levy--**
>
> **. . .**
>
> **(9) Minimum exemption for wages, salary, and other income.—Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).[5]**

---

**[5]** **Subsection (d) entitled, Exempt amount of wages, salary, or other income, provides,**

> **(1) Individuals on weekly basis.--In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any**

In addition, subsection (a)(3) of § 3613 provides, "the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal Law or State law."  18 U.S.C. § 3613(a)(3).

Finally, subsection (c) of § 3613 provides that an order for restitution is a lien in favor of the United States on all property of the person as if the liability of the person were a liability for a tax assessed under the Internal Revenue Code of 1986. 18 U.S.C. § 3613(c).

### 3. Title 28 USC § 3001, *et seq.*, The Federal Debt Collection Procedure Act

Chapter 176 of Title 28 U.S.C. § 3001 which is entitled "Federal Debt Collection Procedure" ("FDCPA") states that the chapter provides the exclusive civil procedures for the United States to recover a judgment on a debt, and states that a judgment may be enforced by any of the remedies set forth in that subchapter. 28 U.S.C. §§ 3001, 3202. Subchapter C then sets forth several methods for collecting restitution. 28 USC § 3002(3)(B).  Relevant for the Motion at bar, those methods include Judgment liens (§ 3201), Execution (§ 3203) and Garnishment (§ 3205).  28 U.S.C. §§ 3202, 3203, 3205.

---

week which is exempt from levy under subsection (a)(9) shall be the exempt amount.

(2) Exempt amount.--For purposes of paragraph (1), the term "exempt amount" means an amount equal to--

(A) the sum of--

(i) the standard deduction, and

(ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs, divided by

(B) 52.

Under the writ of execution provision of the FDCPA, the government may levy on "all property in which the judgment debtor has a substantial nonexempt interest." 28 U.S.C. § 3203(a)).  The FDCPA, however, also contains a limitation on its exclusivity that states, "To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. § 3001.

> B.    Relevant Statutes and Case Law Applied to an Order for Restitution

The Government seeks to enforce an order of restitution in this matter by applying the funds held in the Defendant's BOP account to satisfy that order.  Title 18 U.S.C. § 3663, entitled "Order of Restitution" provides that an order of restitution shall be issued and enforced in accordance with section § 3664. 18 U.S.C. § 3663(d).  Section 3664 provides that an order of restitution may be enforced pursuant to the civil remedies for satisfaction of an unpaid fine contained in 18 U.S.C. § 3613.  In addition, the Eleventh Circuit has made clear that the FDCPA provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States. *United States v. Peters*, 783 F. 3d 1361, 1363 (11th Cir. 2015), citing *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012); *United States v. Bradley*, 644 F.3d 1213, 1309 (11th Cir. 2011). Thus, consistent with the holdings of the Eleventh Circuit, as well as the civil remedies provisions contained in 18 U.S.C. § 3613, which state that a judgment may be enforced consistent with Federal or State law, the Government may seek to satisfy an order of restitution through the Federal remedy of the FDCPA.  The FDCPA, in turn, permits the United States to enforce the judgment of restitution through a judgment lien, execution or garnishment.  However, for purposes of determining the extent that certain property may be levied or garnished, the provisions set forth in § 3613, must be adhered to,

6

including application of levy exemptions and limits on garnishment of disposable earnings. See 18 U.S.C. § 3613 (a) (1) and (3).  In addition, as specified in the limitation contained in § 3001 (b) of the FDCPA, to the extent that 18 USC § 3664 provides additional remedies, under subsections (m) and (n), including "all other available and reasonable means," and application of monies from an inheritance, settlement, etc., received by an incarcerated person to payment of restitution, the Government may also pursue those remedies.

With these principles in mind, the undersigned now turns to the arguments raised by the Parties in the Motion at bar.

III.    **THE POSITIONS OF THE PARTIES**

A.    **Defendant's Motion for Reconsideration**

In the Motion for Reconsideration, the Defendant presents challenges to the Court's Order on three grounds, as follows: 1) that the Government, in seeking to have the BOP funds applied to the restitution judgment, failed to follow certain procedures, including providing the Defendant with notice and a hearing, as required under FDCPA; 2) that the Government failed to seek to have the funds garnished and/or levied as earned income, but instead improperly seized the funds as "windfall" proceeds pursuant to 26 U.S.C. § 6334 (n); and, 3) that the Defendant is entitled to have certain exemptions, including an exemption for funds used to support his minor children and pay his counsel, applied to the funds because he does not hold a nonexempt taxable interest in those sums, ECF No. [83].

At the hearing, Counsel for the Defendant raised the same arguments that were raised in the Motion for Reconsideration.  In addition, Counsel for the Defendant represented that the money at issue was obtained from one or more companies that Defendant Leitman had completed work for as either an accountant or an investment

adviser prior to his incarceration. (Hr'g Tr. at 19, 20).[6]  According to Defendant's Counsel, at some point the State of Florida, which maintains lost accounts, responded to Defendant Leitman's request for sums owed to him from dissolved Florida corporations. (Hr'g Tr. at 22).   Counsel for the Defendant argued that the money was never "received" by Defendant Leitman because the State of Florida deposited the money into his BOP account. (Hr'g Tr. at 22).

In addition, the Defendant contended that although the money at issue was not received as wages, but rather as "1099 income" he earned in his accounting practice, the Government should not be permitted to garnish that money because the Defendant owes taxes on that sum. (Hr'g Tr. at 20, 31).  Defendant thus argues that the Government would, in essence, be saddling the Defendant with a tax burden, something that is not permitted for wage earners who receive earned income. (Hr'g Tr. at 34). Thus, Counsel argued that 25% should be deducted from the money that the Government could apply to restitution. (Hr'g Tr. at 43).

Counsel further argued that certain deductions and exemptions, including exemptions related to the care of his minor children should be applied to the money at issue and further argued that the 25% maximum garnishment amount as set forth in the Consumer Protection Act should apply in any event. (Hr'g Tr. at 35-37, 43-46).  Finally, counsel argued that the Defendant was entitled to use those untainted funds to pay counsel in furtherance of his Sixth Amendment right to effective assistance of counsel. (Hr'g Tr. at 37-40).

B.    Government's Response to Motion

In response, the Government asserts that it did not and was not required to pursue the monies through a writ of garnishment because the funds were in the

---

[6] All references to the hearing held before the undersigned were obtained from the rough transcript provided to the Court by the Court Reporter and are designated (Hr'g Tr. at ____).

possession of the BOP, an agency of the United States, ECF No. [84].  In addition, the Government contends that pursuant to § 3664(n), funds from any source that come into possession or the Defendant during his period of incarceration may be subject to being applied towards his restitution.  The Government further contends that the money at issue is not subject to any of the exemptions set forth in the applicable statutes.

Finally, at the hearing, the Government contended that, pursuant to 18 U.S.C. § 3613, once a restitution order is entered, a lien in the Government's favor attached to all of the Defendant's property, as if that person was liable for a tax assessment.  Thus, the Government argues that Counsel for the Defendant has no better standing than that of an unsecured creditor. (Hr'g Tr. at 60).

III.   ANALYSIS

A.   *Failure to Provide Notice and a Hearing As Required by the FDCPA*

In the Motion for Reconsideration, the Defendant contends that the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, provides the exclusive method in which the Government may obtain satisfaction of an order of restitution, ECF No. [83] at 2.   The Defendant therefore argues that the Government was required to adhere to the procedures set out in the FDCPA which require, among other things, that the Defendant be given notice and an opportunity to have a hearing prior to funds being applied to satisfy the restitution judgment, ECF No. [83].[7]

The Defendant's argument on this point is without merit because he received both notice and a hearing in this case.  Indeed, the Government's Motion to Apply Funds

---

[7] In response, the Government contends that because the funds at issue were in possession of the BOP, an agency of the United States, the Government did not and was required to pursue one of the remedies under the FDCPA in applying the funds to the restitution judgment, but instead was able to request that the Court to apply the funds pursuant to 18 U.S.C. § 3664, which is discussed, *infra*, at 10-12.  As such, the Government did not address the Defendant's argument regarding Notice and a hearing in its written response to the Motion.

Towards Outstanding Restitution was served on the Defendant via U.S. Mail on the same day that the Motion was filed, ECF No. [81] at 2. That Motion made clear that the Government sought to have the sum of $28,844.19 being held in the Defendant's BOP Trust Fund Account applied to the Defendant's outstanding restitution debt. After the Court granted the Government's Motion, and before any funds were removed from the Defendant's BOP account, the Defendant filed his Motion to Reconsider wherein he requested a hearing on the Government's Motion, ECF No [83] at 4. The undersigned granted the Defendant's request for a hearing and set a hearing accordingly, ECF No. [87]. The Order setting the hearing advised the Defendant to be prepared to raise any argument and present any evidence that the Defendant would have presented at a hearing on the United States' initial Motion to Apply Funds Towards the Outstanding Restitution that had been granted by the Court, ECF No. [87].

The Court then held a nearly two-hour long hearing on the Motion for Reconsideration, and in a written Order following the hearing, directed the Parties to submit supplemental authority to support their positions, ECF Nos. [88] [89]. Thus, to the extent that the Defendant argues that he was entitled to notice and a hearing on this issue, the Defendant's request was granted and at the hearing, the Defendant was given the opportunity to present and argue his objections and exemptions to the Court. Accordingly, assuming *arguendo* that the Court initially failed to provide the Defendant with a required hearing prior to ruling on the Government's Motion to Apply Funds, any defect was subsequently cured and thus that failure was harmless, as the funds at issue were never removed from the Defendant's account, prior to a hearing being held.[8]

---

[8] An evidentiary hearing was not necessary because the undersigned has assumed the truth of all facts presented by the Defendant and determined that he is not entitled to relief. Although the Defendant was not present at the hearing, at the conclusion of the hearing, defense counsel agreed that the Defendant's presence was not required at a non-evidentiary hearing. (Hr'g Tr. at 74).

B.      *Objection to Application of § 3664(n)*

The Defendant also challenges the statutory vehicle used by the Government to have the funds in the Defendant's BOP account applied to the restitution judgment.  The Defendant contends that the Government incorrectly characterized the sums as windfall proceeds under 18 U.S.C. § 3664(n), rather than as earned income.[9]  Defendant contends that, unlike windfall sums, earned income may only be reached by the Government through garnishment proceedings under the FDCPA.

This argument fails for a number of reasons.  First, the language of § 3664(n) is broad and refers to substantial resources from "any" source.[10]  Thus, that section does not make an exception for sums provided by the State of Florida, even if those sums were disbursed to satisfy payment for services rendered by the Defendant to a third party company. In addition, courts have routinely applied § 3664(n) to funds in BOP accounts without regard to the source of those funds.  In *United States v. Khazraeinazmpour*, No. 14-07(1)(DWF/JSM), 2015 WL 5311650 *1 (D. Minn. 2015), for example, a district court granted the Government's request to confiscate funds in a Defendant's Inmate Trust Account.  The Defendant, who had been sentenced to 60 months imprisonment and ordered to pay $320,217.19 in restitution, filed an objection to the Government's request to confiscate funds in the amount of $5,897.26. *Id.*  The court concluded that, pursuant to 18 USC 3613(c), a sentence imposing restitution constituted a lien against the Defendant's property in favor of the Government, and that pursuant to 18 U.S.C.

_____

[9] In support of this contention, as set forth above, at the hearing, Counsel for the Defendant represented that money at issue consisted of payments made by a company to the Defendant for approximately $28,000 for work that the Defendant had previously performed for that company. (Hr'g Tr. at 42).

[10] Title 18 U.S.C. 3664 (n), which is contained in the section entitled "Procedure for issuance and enforcement of order or restitution", states, "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."

§3664(n), any resources received from any source during a defendant's term of incarceration had to be applied to the defendant's outstanding restitution obligation. *Id.* The court noted that no exemptions for levy for taxes pursuant to 18 U.S.C. §3613(a)(1), applied, and thus the Government was entitled to confiscate the funds in the defendant's account. *Id.* at *2.  See also *United States v. Hester*, No. 10cr2967 BTM, 2016 WL 1007335 *1 (S.D. Cal. March 14, 2016) (granting Government's Motion to have defendant's funds held by BOP turned over to apply to restitution judgment, noting that the funds were from an unknown source).

Second, even assuming that the Defendant's argument is correct that section § 3664(n) is only applicable to "windfall" amounts, in this case, the Government was well within its rights to obtain the funds pursuant to another subsection of § 3664.  In particular, Section (m)(1)(A)(ii) of § 3664, provides that an order of restitution may be enforced "by all other available and reasonable means." 18 U.S.C. § 3664 (m)(1)(A)(ii).[11] *See United States v. Bradley*, 644 F.3d 1213, 1309 (11th Cir. 2011) (citing 28 U.S.C. § 3003(b)(2) and stating although the procedures prescribed under the FDCPA are 'exclusive' the Act does not 'curtail or limit the right of the United States under any other Federal law or any State law ... to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case.'). Here, once the funds were placed in the Defendant's BOP Trust Fund Account by the State of Florida, the Government filed with the Court a "Motion to Apply Funds Towards Outstanding Restitution" requesting that pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3664(n), the funds be applied towards the outstanding restitution judgment, ECF  No. [81].[12] The Government then notified the

---

[11]  As noted above, the FDCPA, contemplates other methods for recovering on a claim or judgment. See 28 U.S.C. § 3001.

[12] To the extent that the Defendant argued that 18 U.S.C. § 3613 is a civil remedy statute that doesn't apply in this criminal case, the argument is without merit.  Section (f) of §

Defendant of the request by serving a copy of the Motion via U.S. Mail to the Defendant. The Court thereafter held a hearing on the Government's request and allowed the Defendant the opportunity to present his argument in opposition to the Government's request, including presenting any exemptions that he contended were applicable.

As stated above, subsection (c) of § 3613 provides that an order for restitution is a lien in favor of the United States on all property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. 18 U.S.C. § 3613 (c). As such, once the restitution was ordered, all of the Defendant's property, including the money held in the BOP account, became subject to that lien, which pursuant to the statute is treated like a tax lien. The Government therefore was within its rights to file a motion seeking to have those funds turned over to satisfy that lien. See *United States v. Meux*, 597 F. 3d 835 (7th Cir. 2010) (affirming magistrate judge's grant of government's motion for turnover of defendant's funds held by United State Marshal for partial satisfaction of restitution award). Thus, the method chosen by the Government in this case to obtain the funds by Motion to the Court was reasonable and was one of the methods available to the Government to do so.

Further, courts have regularly permitted the Government, by way of motion, to reach funds to satisfy a restitution order. See *United States v. Hester*, No. 10cr2967 BTM, 2016 WL 1007335 *1 (S.D. Cal. March 14, 2016) (granting Government's Motion to have defendant's funds held by BOP turned over to apply to restitution judgment); *United States v. Scarboro*, 352 F. Supp. 2d 714, 716-17 (E.D. Va. 2005) (holding that Government could seek to enforce restitution order by motion requesting that the court direct funds from insurance proceeds anticipated to be received by defendant). As such, the Defendant's argument on this point fails.

---

3613 states that all provisions of that section are available to the United States for enforcement of an order of restitution. 18 U.S.C. § 3613(f).

The Defendant, however, further contends that the only method that the Government may utilize to reach the sums at issue is through a writ of garnishment.  On this issue, Counsel for the Defendant argued that had the "earned income" come into the Defendant's possession prior to his incarceration, the Defendant could have used the money to pay his attorneys, and to provide for his family. Counsel thus argues that it is improper to permit the government to "grab" the money without hearing from anyone else who may have a claim to the money, or without regard to any of the applicable exemptions, as required in garnishment proceedings.

For the following reasons, the Defendant's contention is without merit.  First, the Defendant has failed to provide any legal support for this argument.  There is no requirement in the FDCPA that the Government pursue satisfaction of the restitution order through a writ of garnishment under these circumstances. Rather, the FDCPA specifically states in the "Enforcement of judgments" section, that a judgment may be enforced by *any* of the remedies set forth in that subchapter. 28 U.S.C. § 3202.  Those remedies include Judgment liens, Execution, Installment Payment Order and Garnishment. 28 U.S.C. §§ 3201-3205.  In fact, § 3203 entitled "Execution," states "All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution.  The debtor's earnings shall not be subject to execution while in the possession, custody, or control of the debtor's employer."  Thus, the plain language of the FDCPA contemplates that a writ of execution may be used to reach a debtor's earnings, and not only a writ of garnishment.[13]

Further, in this case, the sums at issue are already in possession of the garnishee and thus issuing an application for a writ of garnishment would result in the same

---

[13]  In this case, the debtor's earnings are not in the possession of the debtor's employer and were not in the possession of the debtor's employer at the time they were placed in the Defendant's BOP account.  Rather, it is undisputed that the sums were deposited by the State of Florida and thus the limitation of § 3203 does not apply.

procedures that occurred in this case; the garnishee, who in this case is the United
States would file an answer to the writ of garnishment, the debtor defendant would file a
response to the writ, and, if requested, the Court would hold a hearing to determine if the
funds at issue were exempt or subject to any other claims. That is the exact procedure
that occurred in this case, and therefore it appears that the Defendant's contention that
the writ of garnishment proceedings should have been used would not have changed the
substance of procedure utilized by in determining whether the Government had the right
to apply the funds to the restitution judgment.

In addition, to the extent that the Defendant contends that because the
Government should have sought to garnish the money, the funds should be garnished at
no more than 25% of the total amount pursuant to the Consumer Credit Protection Act,
("CCPA") 15 U.S.C. § 1573, that argument also fails. As stated above, the Government
has not sought and was not required to seek a writ of garnishment, in the first instance.
Further, the Defendant has not established that the funds at issue are of the nature that
are intended to be protected by the CCPA. In *Kokozka v. Belford*, 417 U.S. 642, 651
(1974), the Supreme Court in analyzing the Consumer Credit Protection Act noted that
earnings did not include every asset that is traceable in some way to such
compensation.  The Court observed that the CCPA sought to regulate garnishment in its
usual sense as a levy on periodic payments of compensation needed to support the
wage earner and his family on a week-to-week, month-to-month basis. *Id.*

In this case, there is no indication that the sums at issue are of a periodic nature
or that the moneys are needed to support the Defendant's family on a week-to-week, or
month-to-month basis.  This observation is reinforced by the fact that funds were paid
for work performed years ago and were held and ultimately disbursed by the State of
Florida, rather than the Defendant's employer or the entity for whom the services were
performed.  In addition, Defendant's Counsel's argument that such sums should be used

to satisfy the Defendant's attorney's bills further undermines the argument that the garnishment limitation provisions of CCPA should apply to the funds at issue. As such, the undersigned concludes that the CCPA does not limit the Government to applying 25% of the sum to the restitution judgment.

The cases cited by Defendant on this issue do not urge a different conclusion, as both those cases clearly involved the Government's request for garnishment on wages being paid to an already-released defendant for full-time employment, See *United States v. Ernst*, No. 2:06-cr-10-FtM-29DNF, 2010 WL 3746950 *1 (M.D. Fla. Sept. 21, 2010), or as part of a periodic payments from retirement plans, See *United States v. Lee*, 659 F.3d 619 (7th Cir. 2011). Thus, the courts' rationale for limiting the amount of the garnishments on the sums at issue in those cases does not apply to the sums in this matter.

The Defendant has failed to demonstrate that the Government failed to utilize a proper remedy in seeking to apply the Defendant's BOP funds to the restitution judgment.

### C.   *Defendant's Claimed Deductions & Exemptions*

#### i) Limits on Earned Income

Closely related to the Defendant's contention that the Government may only obtain the funds at issue through a writ of garnishment is the Defendant's contention that the Government does not have the right to apply the entirety of the funds to the restitution judgment, because the Defendant does not hold a substantial nonexempt interest in the sum as required by the FDCPA.[14]

---

[14] Pursuant to § 3203(a) of the FDCPA which addresses writs of execution, the government may levy on "all property in which the judgment debtor has a substantial nonexempt interest." Similarly, under § 3205(a), the court may issue a writ of garnishment against property, held by another party, in which the debtor has a substantial nonexempt interest.

On this point, the Defendant contends that the money currently held in his BOP account is taxable as 1099 earned income, and thus any amount applied to restitution should be reduced by a set percentage to account for the income taxes that will have to be paid from that sum.  In other words, the Defendant contends that he should not be saddled with a tax debt simply because the Government has taken his earned income prior to the Defendant having an opportunity to satisfy any tax debts arising out of that income. However, the Defendant has provided no legal support for this argument, either statutory or case law.  As such, the undersigned finds this argument without merit.

Counsel for the Defendant also argues that permitting the Government to take the entire amount from his BOP account would interfere with his Sixth Amendment right to retain counsel because a portion of that money was slated to go towards satisfying his Counsel's fee. While the Court is sympathetic to Defense Counsel's interest in receiving payment of his fees incurred in this action, such interest does not provide a basis for exempting the funds from being used for the payment of restitution, and also does not implicate Sixth Amendment concerns regarding the Defendant's right to counsel.  There has been no showing that the Defendant was unable to present a defense in this matter because of the Government's request to apply the funds in the BOP account to satisfy the restitution order.  The case cited by the Defendant does not change this conclusion because in *Luis v. United States*, No. 14-419, 2016 WL 1228690 *1 (March 30, 2016), the Supreme Court addressed the implications of seizing moneys held by a defendant prior to conviction, where the defendant sought to use those funds to pay his attorney's fees. This case is clearly distinguishable because there is no question that the Defendant in this action is already subject to a restitution judgment.[15]

---

[15]  Moreover, his underlying criminal case and appeal were concluded before this money was deposited with the BOP.

In addition, as correctly noted by the Government, there is no indication that Defendant's Counsel perfected any type of interest in the funds held by the BOP or in any of the Defendant's property, at all.  In this regard, this case is akin to *United States v. Gammage*, 598 F. App'x. 896, 897 (11th Cir. April 13, 2015), where the reviewing Court, in affirming the district court's denial of a motion for reconsideration, concluded that a defendant had failed to establish that he did not have a "substantial nonexempt interest" in funds where the defendant did not present evidence of a prior lien but only stated that he had previously pledged the funds to someone else.  In so doing, the Court noted that the defendant had not contended that: 1) a judgment was obtained in the third party's favor; 2) a prior security interest was recorded; or 3) a prior garnishment existed. *Id.* Similarly, in the case at bar, the Defendant and his Counsel do not contend any of those potential priorities apply to the money at issue, and thus there is no basis to limit the amount of funds that may be applied towards restitution.

### ii) IRS Exemptions under 26 U.S.C. § 6334

The Defendant also asserts that although earned income is subject to income tax, the earner of such sums is entitled to claim certain exemptions to those moneys, ECF No. [83] at 2.  Specifically, the Defendant argues that he is entitled to claim certain exemptions pursuant to 26 U.S.C. § 6334 of the Internal Revenue Code ("IRC"), entitled, "Property exempt from levy."  The Defendant first contends that § 6334 provides that pursuant to subsection 13(d) of that Section, the standard deduction and personal exemptions are deducted from earned income prior to earned income being levied upon, ECF No. [83] at 3.

However, the Defendant fails to acknowledge that the statutory vehicle that facilitates the application of § 6334 of the IRS code to orders of restitution is 18 U.S.C.

18

§3613, entitled "Civil remedies for satisfaction of an unpaid fine."[16]  As set forth above, although § 3613 makes express reference to § 6334, for purposes of identifying property exempt from levy, it omits subsection (a)(9) of § 6334, which is the section that pertains to exemptions for wages, salary and other income.  Thus, the Defendant's reliance on subsection 13(d) of §6334, which is the section cited in subsection (a)(9) and provides for standard and personal deductions for wages or salary subject to a levy, is misplaced as that section is not included in § 3613.   See e.g. *United States v. McKnight*, No. A-08-CR-256LY, 2016 WL 5336165, *1 (W.D. Tex. 2012) (stating 18 U.S.C. § 3613(c) gives the United States the same authority for collecting fines and criminal restitution as the IRS has for collecting taxes but with fewer exemptions).

As to the exemptions that *are* identified in § 3613 (a)(1) and are specifically described in 26 U.S.C. § 6334, the Defendant has failed to allege any facts that would demonstrate that he is entitled to claim any of those exemptions. On this issue, at the hearing, the Defendant argued that the statute exempts money that will be spent in the future on certain items, as opposed to prohibiting a levy  on the actual items themselves. Counsel thus contended that the Defendant was entitled to claim an exemption for his anticipated future expenditure for minor children's school supplies, which he estimated to be $2,000.  However, there is nothing in that statute to suggest that the listed exemptions apply to sums that may be used to acquire the exempted tangible property, but instead seemingly only exempts the actual items listed, e.g. wearing apparel, school books, fuel, etc.  As to those items that are monetary in nature, e.g. unemployment benefits and pension payments, the statute specifically addresses those payments, none of which the Defendant in this case has claimed as part of his exempted property.  Thus,

---

[16] Section § 3613 of Title 18, which is subchapter B of chapter 229 of Title 18, is specifically identified as a means of enforcement of restitution orders in section (m) of 18 U.S.C. §3664 which is entitled, "Procedures for issuance and enforcement of order of restitution."

because the Government has not sought to levy any of the actual items exempted from levy pursuant to § 6334, the Defendant has no right to an exemption for the costs of those items not yet purchased.

Accordingly, as the debtor Defendant has failed to establish that anyone held a superior claim to the funds and/or that the funds were subject to any of the exemptions enumerated in the statute, the undersigned rejects the Defendant's argument on this point.

V.    CONCLUSION

Accordingly, based upon the foregoing, it is hereby

RECOMMENDED that Defendant Lorn Leitman's Motion to Reconsider, ECF No. [83] be DENIED.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(b), the parties have fourteen (14) days to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 748 (11th Cir. 1988).

DONE AND ORDERED in chambers at Miami, Florida, on March 31, 2016.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

The Honorable Donald L. Graham,
        United States District Judge
All counsel of record