```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA
                   MIAMI DIVISION
```

Case No. 10-20883-CR-GRAHAM/SIMONTON

UNITED STATES OF AMERICA,

    Government

vs.

LORN LEITMAN,

    Defendant.
_____/

### ORDER

**THIS CAUSE** comes before the Court upon Defendant Leitman's Motion to Reconsider Order Garnishing Income and Request for Hearing Pursuant to 28 U.S.C. § 3202 [D.E. 83].

**THE COURT** has conducted an independent review of the record and is otherwise fully advised in the premises.

**THIS MATTER** was referred to United States Magistrate Judge Andrea M. Simonton, pursuant to 28 U.S.C. § 636 and the Local Magistrate Rules of the Southern District of Florida. On March 31, 2016, Magistrate Judge Simonton issued a Report and Recommendation [D.E. 98] for this Court's consideration. It recommended that Defendant's Motion to Reconsider be **DENIED**.

Pursuant to 28 U.S.C. § 636 and the Local Magistrate Rules of the Southern District of Florida, the Parties have 14 days after being served with a copy of the Report and Recommendation

to serve and file written objections, if any, with the District Court.

## DEFENDANT'S OBJECTIONS

On April 14, 2016, Defendant filed his Objections [D.E. 99]. Therein, Defendant objects to the Report and Recommendation's interpretation of the effect, function, and application of 18 U.S.C. § 3613 and 26 U.S.C. §§ 6334(m) and 6334(n) to his case. He argues that, instead of the aforementioned statutes, the Government was required to utilize a writ of garnishment to reach funds in his Bureau of Prisons ("BOP") account because the funds were earned income subject to taxation. Moreover, he argues the Government in fact did garnish the deposited funds because they were in his BOP account when the Government took the money and applied it to his outstanding restitution judgment. Thus, he argues, pursuant to 15 U.S.C. § 1673, the Government cannot garnish more than 25 percent of the funds in his BOP account.

## THE COURT'S RULING

After a careful review of Defendant's Objections, this Court affirms the Report and Recommendation because it makes findings consistent with the law. As discussed below, this Court also applies the reasoning from the Report and Recommendation and herein to the Government's Second Motion to Apply Funds to Restitution and accordingly grants it.

2

While incarcerated, Defendant received an initial deposit of $28,844.19 into his BOP account. Subsequently, the Government filed its First Motion to Apply Funds to Restitution, which argued the $28,844.19 deposit amount should apply towards restitution. See [D.E. 81]. After considering the Government's argument, this Court granted its motion. See [D.E. 82]. Defendant then filed a Motion to Reconsider [D.E. 83] this Court's Order [D.E. 82], which argued he had a right to a hearing, the funds at issue consisted of earned income subject to taxation, and he had a fundamental Sixth Amendment right to counsel that could not be restrained by the Government. See [D.E. 83].

Before Magistrate Judge Simonton issued a Report and Recommendation on Defendant's Motion to Reconsider, Defendant received a second deposit of $19,727.66 into his BOP account. The Government subsequently filed its Second Motion to Apply Funds to Restitution [D.E. 92], which likewise argued the $19,727.66 deposit amount should apply towards Defendant's restitution like the initial deposit.[1] See [D.E. 92].

Thereafter, Magistrate Judge Simonton issued her Report and Recommendation. It recommended Defendant's Motion to Reconsider

---

[1] The Parties fully briefed Defendant's Motion for Reconsideration and the Government's Second Motion to Apply Funds to Restitution with responses and replies before Magistrate Judge Simonton issued her Report and Recommendation.

3

be denied because the Government correctly utilized the civil remedies available under 18 U.S.C. § 3613 and 26 U.S.C. §§ 6334(m) and 6334(n), and Defendant was not entitled to any exemptions to these statutes.[2]

After carefully reviewing the record, this Court realized the issues surrounding the initial deposit and the subsequent deposit were nearly identical. The Court asked the Parties how it should resolve the Government's second motion in light of this fact. The Parties separately suggested the same ruling regarding the initial deposit should apply to the subsequent deposit. See [D.E. 104 at 2]. Pursuant to their answers, the Court directed the Parties to jointly file a written stipulation in accordance with their suggested positions. Id. In their Joint Stipulation [D.E. 105], the Parties stipulated to the following: "similar facts and law apply to the subsequent deposit in the amount of $19,727.66, as to the initial deposit in the amount of $28,844.19. [D.E. 103 at 2]. Issues related to the two deposits can be simultaneously resolved." [D.E. 105].

The initial deposit was at issue in Defendant's Motion for Reconsideration. As aforementioned, the Report and Recommendation recommended it be denied because the Government utilized the correct statutes and no exemptions applied to their

---

[2] The Report and Recommendation did not address the Government's Second Motion to Apply Funds to Restitution.

4

application. Following the Parties' Joint Stipulation, this Court resolves Defendant's Motion to Reconsider and the Government's Second Motion to Apply Funds to Restitution pursuant to the reasoning provided in the Report and Recommendation and herein. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation [D.E. 98] is **AFFIRMED, ADOPTED, AND RATIFIED** in its entirety and is incorporated herein by reference. It is further

**ORDERED AND ADJUDGED** that Defendant Leitman's Motion to Reconsider Order Garnishing Income and Request for Hearing Pursuant to 28 U.S.C. § 3202 [D.E. 83] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that the Government's Second Motion to Apply Additional Funds in the Defendant's Inmate Trust Account Towards Outstanding Restitution Judgment Pursuant to 18 U.S.C. § 3664 [D.E. 92] is **GRANTED**. Lastly, it is

**ORDERED AND ADJUDGED** that Defendant Leitman's Motion for Hearing Pursuant to 28 U.S.C. § 3202 [D.E. 96] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2016.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: United States Magistrate Judge Simonton

All Counsel of Record

5